ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **CHRISTINE ABELL** ) | CASE NO. 3:11-cv-86-H |
| ) | |
| **Plaintiff,** ) | JUDGE _____ |
| ) | |
| v. ) | |
| ) | |
| **BARDSTOWN MEDICAL INVESTORS, LTD.** ) | |
| **d/b/a LIFE CARE CENTER OF BARDSTOWN** ) | |
| ) | MAGISTRATE JUDGE _____ |
| **Defendants.** ) | |

**NOTICE OF REMOVAL (DIVERSITY)**

\* \* \* \* \* \* \* \* \*

Pursuant to 28 U.S.C. §1441, Defendant, Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown (hereinafter "Defendant"), by counsel, respectfully petitions for removal of the above-captioned case to the United States District Court, Western District of Kentucky, Louisville Division. In support, Defendant states as follows:

1. Plaintiff, Christine Abell, (hereinafter "Plaintiff"), commenced a civil action against Defendant on January 24, 2011, by filing a Complaint in the Nelson Circuit Court, Division II captioned, *Christine Abell, v. Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown,* Case Number 11-CI-00056. Said action is now pending in that Court.

2. On January 26, 2011, Defendant, through its designated agent for service of process in Kentucky, CT Corporation System, was served a copy of the Complaint and Summons. Receipt of the documents on that date was Defendant's first notice of the

1

existence of the Complaint containing a claim for relief asserted by Plaintiff that could be removed to this Court.  Other than the Complaint and Summons, no other pleadings or motions have been filed in the state court action to Defendants' knowledge.  Copies of the Complaint and Summons are attached as **Exhibit A**.

3. The thirty (30) day time frame provided in 28 U.S.C. § 1446(b) for removing this action began to run on January 26, 2011.  Defendant, therefore, is filing this Notice of Removal within the time frame provided in 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

4. This Court has original jurisdiction under 28 U.S.C. § 1332, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. There is complete diversity of citizenship.  Plaintiff is a citizen of Kentucky.  *See*, Complaint, ¶ 1.

6. Defendant Bardstown Medical Investors, Ltd. is a Georgia ULPA Limited Partnership.  *See*, Complaint, ¶ 2 and printout from the Kentucky Secretary of State Website, attached hereto as **Exhibit B**.  As a Limited Partnership, Defendant's citizenship is where each of its partners (general or limited) are citizens.  *See*, *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 672 (6th Cir. 2004).  Defendant's partners are: (a) SBK, LLC; (b) SAK, Jr., LLC; (c) Stiles A. Kellett, Jr.; and (d) Samuel B. Kellett.  *See*, **Exhibit C**.  As limited liability companies, SBK, LLC's and SAK, Jr., LLC's citizenship is that of each of its members.  *See, Baker v. R.G. Transport, LLC*, Slip Copy, 2008 WL 1069193, 1 (E.D. Ky. 2008).  SBK, LLC's sole member is Samuel B. Kellett.  *See*,

Exhibit B.  SAK LLC's sole member is Stiles A. Kellett, Jr.  *See*, Exhibit B.  Samuel B. Kellett is a citizen of Florida and Stiles A. Kellett, Jr. is a citizen of Georgia.  *See*, Affidavit of Leslie Partee, attached hereto as **Exhibit D**.  Thus, Defendant Bardstown Medical Investors, Ltd. is diverse from Plaintiff.

7. Upon filing of this Notice of Removal, Defendant shall give written notice thereof to counsel for Plaintiff, Joseph H. Mattingly, III and Jeffrey L. Eastham, and Defendant shall file copies of this Notice of Removal with the Nelson Circuit Court.

8. Even though no dollar amount is specified in the Complaint, the nature of the allegations and the types of damages sought are sufficient to alert Defendant that Plaintiff is seeking an amount in excess of the $75,000.00 required to attain federal court jurisdiction.  *See*, *e.g., McGraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).  For purposes of determining the threshold amount, all damages, including punitive damages, sought by Plaintiff are to be included, and unless it appears to a legal certainty that Plaintiff in good faith cannot claim the jurisdictional amount, this Court should not dismiss the Complaint for lack of subject matter jurisdiction.  *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996); *Klepper v. First Am. Bank*, 916 F.2d 337, 340-41(6th Cir. 1990).

9. By filing this Notice, Defendant does not waive any defenses that may be available to them, specifically including, but not limited to, improper service of process, lack of personal jurisdiction, and the absence of venue in this Court or in the Court from which this action has been removed.

WHEREFORE, Defendant removes the above-captioned action now pending against it in the Nelson Circuit Court, of the Commonwealth of Kentucky, to the United States

District Court for the Western District of Kentucky, Louisville Division, wherein it shall proceed as an action originally commenced therein.

                                        Respectfully submitted,

                                        <u>/s/ William K. Oldham</u>
                                        Tara J. Clayton
                                        Middleton Reutlinger
                                        2500 Brown & Williamson Tower
                                        401 South Fourth St.
                                        Louisville, Kentucky 40202
                                        Ph: (502) 584-1135
                                        Fax: (502) 561-0442
                                        woldham@middreut.com
                                        tclayton@middreut.com
                                        *Counsel for Defendant*

## CERTIFICATE OF COUNSEL

I hereby certify that on <u>February 15, 2011</u>, a true and accurate copy of the foregoing was mailed, via US Mail, postage prepaid to the attorney below and I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph H. Mattingly, III
MATTINGLY & NALLY-MARTIN, PLLC
Attorneys at Law
104 W. Main Street
P.O. Box 678
Lebanon, KY 40033
*Counsel for Plaintiff*

Jeffrey L. Eastham
Attorney at Law
201 W. Columbia Ave.
P.O. Box 127
Greensburg, KY 42743
*Co-Counsel for Plaintiff*

I hereby further certify that on <u>February 15, 2011</u>, I caused Defendants' Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing by first class mail, postage prepaid, to the Clerk for the Nelson Circuit Court, of the Commonwealth of Kentucky.

/s/ William K. Oldham
William K. Oldham